Justice BEATTY.
I concur in part and dissent in part. I agree that admission of Brewer’s interrogation was error. I also agree that the murder conviction should be reversed as a result of this error. However, I depart from the majority’s conclusion that admission of the interrogation was harmless as it relates to the charges of ABWIK and possession of a firearm during the commission of a violent crime.
But for the solicitor’s numerous instances of burden shifting, via the interrogation tape, I would agree that the error was harmless as to the latter charges. However, the jury was repeatedly bombarded with the unconstitutional notion that Brewer had to prove that he was innocent. In my view, this created a due process structural defect in the trial. Structural defects are not subject to a harmless-error analysis regardless of the evidence presented. See State v. Rivera, 402 S.C. 225, 247, 741 S.E.2d 694, 705 (2013) (“[D]espite the strong interests upon which the harmless-error doctrine is based, there are certain constitutional rights which are so basic to a fair trial that their infraction can never be treated as harmless error. These are structural defects in the constitution of the trial mechanism, which defy analysis by harmless-error standards and which affect the framework within which the trial proceeds, rather than simply an error in the trial process itself.” (internal quotations omitted) (citing Arizona v. Fulminante, 499 U.S. 279, 306-08, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)). Accordingly, I would reverse all of Brewer’s convictions and remand for a new trial.